UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRUCE E. PALMATIER,

                         Plaintiff,

     -v-                            1:13-CV-133

LOCKHEED MARTIN CORP. (LMC);
DONALD R. REMSCH; KNOLLS ATOMIC
POWER LABORATORY (KAPL INC.);
DEPARTMENT OF ENERGY (DOE),
Nuclear Reactors, Prime Contract
Administrator; and BECHTEL MARINE
PROPULSION CORPORATION (BMPC),

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

BRUCE E. PALMATIER, pro se
4225 South Marisol Lane
Gilbert, AZ  85297

NIXON PEABODY LLP             JOHN E. HIGGINS, ESQ.
Attorneys for Defendants Lockheed Martin
   Corp., Remsch, Knolls Atomic Power
   Laboratory, and Bechtel Marine Propulsion
   Corporation
677 Broadway
10th Floor
Albany, NY  12207

HON. RICHARD S. HARTUNIAN     KAREN FOLSTER LESPERANCE, ESQ.
United States Attorney for the       Ass't United States Attorney
Northern District of New York
Attorneys for Defendant Department of
   Energy
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY  12207

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

Proceeding pro se, plaintiff Bruce E. Palmatier ("plaintiff" or "Palmatier") initiated this action on February 4, 2013.  He filed an amended complaint on April 24, 2013, asserting eleven causes of action against defendants Lockheed Martin Corp. ("Lockheed"), Donald R. Remsch ("Remsch"), Knolls Atomic Power Laboratory ("KAPL"), the United States Department of Energy ("DOE"), and Bechtel Marine Propulsion Corp. ("BMPC").  Plaintiff alleges various flaws in the management and distribution of his retirement pension account. His claims include breach of contract, fraud, negligent misrepresentation, and violations of the Internal Revenue Code.[1]

On July 15, 2013, the non-governmental defendants[2] filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule __") or, in the alternative, for summary judgment pursuant to Rule 56.  The DOE filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) on September 3, 2013.

Following several extensions of the response and reply deadlines, as well as the resolution of plaintiff's objections to an order of Hon. Christian F. Hummel, United States Magistrate Judge, both motions to dismiss are now fully briefed and have been considered on submit without oral argument.

---

[1] He also cites the Employee Retirement Income Security Act ("ERISA") and the Health Insurance Portability and Accountability Act ("HIPPA") in the first sentence of the amended complaint.

[2] The "non-governmental defendants" include Lockheed, Remsch, KAPL, and BMPC.

## II. FACTUAL BACKGROUND

The following facts, taken from the amended complaint and clarified by plaintiff's opposition papers, are assumed true for purposes of the motions to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

Palmatier enjoyed a decades-long career as an electrician and engineer. He worked at General Electric ("GE") from 1965 to 1986. He then worked at KAPL as an Electrical Specialist in Maintenance Engineering from 1986 to 1996. Consistent with this work history, the assets from his pension fund account were transferred from a plan originally managed by GE to one managed by KAPL in 1986. The management of this account was again transferred in 1994, from KAPL to Lockheed, and in February 2009, from Lockheed to BMPC.[3]

In January 2007, as he prepared to retire, Palmatier requested documentation summarizing his pension payout amount. He received a "Benefit Commencement Package" from Remsch, the Senior Manager of Pension Plan Operations at Lockheed, indicating he would be paid $2884.59 per month, plus a $204.90 monthly supplement and a $300 monthly special supplement. Based on this information, he signed the necessary paperwork, and officially retired on February 1, 2007. Approximately four months later, however, plaintiff's monthly pension payment decreased to $1757.08. He was not provided with a complete and accurate accounting of his pension fund, nor did he receive an explanation for the reduction in his monthly payout. The applicable pension plan is entitled: "Pension Plan for KAPL

---

[3] In their motion papers, the non-governmental defendants explain that KAPL is a wholly-owned subsidiary of Lockheed and that BMPC is currently the operator of KAPL. It is assumed that plaintiff worked at the KAPL facility located in the Northern District of New York from 1986 until his retirement.

Employees in Participating Bargaining Units."

Palmatier specifically faults defendants for failing to properly disclose the percentage of employer/employee contributions and accrued interest added to his pension fund during the course of his career.[4]  He alleges that the calculations related to these sums are improper and/or fraudulent.  He also claims the "pay stubs" he receives with his monthly pension payment do not identify the amounts deducted for health care and insurance premiums.  Am. Compl., ¶ 38, ECF No. 25.  Finally, he asserts that his health care insurance carrier, premiums, and coverage have changed every year since he retired and that his access to a $1500 union-negotiated health care subsidy has been blocked by defendants' failure to timely provide documents to the pension plan management subcontractor.[5]

## III.  DISCUSSION

Generally, Palmatier claims defendants fraudulently induced him into accepting an early retirement, unilaterally reduced his promised monthly pension payment by over one thousand dollars, prevented him from receiving a health care subsidy, and failed to provide certain documents or adequate explanations for actions taken with regard to the management of his pension account.

The non-governmental defendants maintain that the amended complaint must be dismissed because:  (1) most of Palmatier's claims are barred by a settlement agreement

---

[4] He further claims employee contributions were discontinued in 1994.  Thereafter, the accrued employee contributions, and interest therefrom,  was separated from the accrued employer contributions, which defendants controlled under a separate plan.

[5] Plaintiff's allegations regarding his health care subsidy are not entirely clear.  In his response to the non-governmental defendants' motion, he explains:  "I was told I could not choose to have the company [health care subsidy] pay for a out-of-company Insurance policy so I and all other retirees of the union are denied the right to [the Affordable Care Act] and [to] have the company pay for it."  Pl.'s Mem. Opp'n Mot., ECF No. 66, 23.  This suggests he is receiving the subsidy, but not for out-of-network providers.

- 4 -

and general release he voluntarily signed on November 23, 2010, in Meacham v. KAPL, Inc.; (2) the Internal Revenue Code does not provide for a private cause of action; (3) all common law claims are preempted by ERISA; (4) most of the claims are untimely; and (5) plaintiff fails to state a plausible ERISA claim.

The DOE argues that the amended complaint must be dismissed as against it because it has not waived sovereign immunity and plaintiff has not made any allegations of wrongdoing by the DOE.

### A. Motion to Dismiss—Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is appropriate only where plaintiffs have failed to provide some basis for the allegations that support the elements of their claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiffs' favor. Chambers, 282 F.3d at 152. These pleading requirements apply to pro se plaintiffs as well as plaintiffs represented by counsel. Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004). However, particular deference should be given to a pro se litigant's complaint when applying the above standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

- 5 -

Finally, a district court may consider documents attached to the complaint as exhibits or incorporated by reference therein. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). "Where a document is not incorporated by reference, the court may neverless [sic] consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." Id. (internal quotation marks omitted).

### B. The Non-Governmental Defendants' Motion to Dismiss

### 1. The *Meacham* Settlement Agreement and General Release

Palmatier was one of twenty-eight plaintiffs who brought a discrimination suit against their employer, KAPL, in the Northern District of New York in 1997.[6] The case was tried to a jury verdict in favor of plaintiffs before Hon. David R. Homer, United States Magistrate Judge. A series of post-trial motions and appeals followed, ultimately landing before the United States Supreme Court at least twice. See Meacham v. Knolls Atomic Power Lab., 554 U.S. 84 (2008); KAPL, Inc. v. Meacham, 544 U.S. 957 (2005).

Following this extensive litigation, the parties negotiated and entered into a confidential settlement agreement and a general release on November 23, 2010—over three years after plaintiff retired. Higgins Decl., Exs. 2 & 3, ECF No. 40 ("Settlement Agreement" & "Release," respectively). The Release states, in pertinent part:

> For and in consideration of the promises and other valuable consideration paid to the undersigned Plaintiff in the Action, pursuant to the attached Confidential Settlement Agreement ("Agreement"), Bruce E. Palmatier (hereinafter the "Plaintiff") fully and completely releases KAPL, Inc.,

---

[6] In his amended complaint, plaintiff acknowledges his involvement in the Meacham case and incorporates by reference several documents related to that case. See Am. Compl. ¶ 11. Therefore, the confidential settlement agreement and general release entered into by the parties in Meacham will be considered. The parties do not dispute the authenticity, accuracy, or relevancy of these documents.

Lockheed Martin Corporation, and John J. Freeh ("Defendants" or the "KAPL Defendants"), and all of the Defendants' past, present or future parent companies, subsidiaries, affiliates, divisions, predecessors, successors and assigns, including but not limited to Bechtel Marine Propulsion Corporation ("BMPC"), as well as the United States Naval Reactors Program ("NR"), a joint program of the United States Department of Energy ("DOE") and the United States Department of the Navy (the "Navy"), and all of their respective past, present and future employees, officers, directors, trustees, employee benefit plans, administrators, fiduciaries, insurers, shareholders, attorneys, advisors, agents, representatives, and any person or entity acting for or on behalf of the Defendants, BMPC, NR, DOE, and/or the Navy (collectively, the "KAPL Released Parties"), from any and all claims, liabilities, demands, and causes of action of any kind, in law or in equity, which were asserted in the Action, which could have been asserted in the Action; or which Plaintiff has, had, or may have at the time of the signing of this release (whether known or unknown), against the Defendants and KAPL Released Parties, including but not limited to claims arising out of Plaintiff's employment or termination of employment with the Defendants.

Release 1. This release specifically applied to the claims asserted in the Meacham action or claims that could have been asserted in that action, claims arising under ERISA, breach of contract claims, tort claims, claims brought via the *qui tam* provisions of the False Claims Act, and numerous other federal and state law claims not pertinent to this analysis. Id. at 2–3.

The only exception to this release was specifically outlined in the settlement agreement, which noted that "nothing in this Agreement shall impair or affect in any way, a pending claim made by Plaintiff Bruce Palmatier regarding the proper calculation of his benefits under the Pension Plan for KAPL Employees in Participating Bargaining Units, bearing administrative file number HR-63110-10-26."[7] Settlement Agreement ¶ 7(b)(ii). It was similarly noted that the settlement agreement did not impact or impair plaintiff's entitlement to vested benefits, including his retirement benefits. Id. ¶ 5.

---

[7] The non-governmental defendants report that BMPC denied plaintiff's administrative claim in April 2009. Higgins Decl., ¶ 47, ECF No. 40.

Palmatier does not allege that he signed these documents involuntarily or under duress.  The parties were represented by counsel, and the release specifically indicated that plaintiff entered into the agreement "in a knowing and voluntary manner."  Release 3.  Thus, the Meacham settlement agreement and general release are valid, enforceable legal documents.  See Bormann v. AT&T Commc'ns, Inc., 875 F.2d 399, 402–03 (2d Cir. 1989).  Therefore, all of plaintiff's current claims are barred, except for his claim regarding the proper calculation of vested pension benefits under the applicable pension plan.[8]  Specifically, this is a claim for failure to provide full benefits due under the plan, brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which permits a private person to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Moreover, in addition to being barred by the Meacham settlement agreement and general release, all state common law claims arising from this issue—i.e. breach of contract, fraud, negligent misrepresentation, breach of the duty of good faith, and promissory estoppel—are preempted by ERISA.  See Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).

### 2. **Internal Revenue Code Claims**

To the extent they are not specifically barred by the Meacham settlement agreement and general release, Palmatier's claims arising under the Internal Revenue Code will also be dismissed.  Indeed, defendants correctly note that the Code does not provide for a cause of

---

[8]  Similarly barred, for the same reason, is Palmatier's request to add a cause of action pursuant to the *qui tam* provisions of the False Claims Act.  Therefore, to the extent he has moved to amend his pleading, such is denied as futile.  See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

action to be asserted by private citizens.  See Reynolds v. de Silva, No. 09 Civ. 9218, 2010

WL 743510, at *7 (S.D.N.Y. Feb. 24, 2010) ("The Second Circuit has never decided the

question, but district courts in this Circuit have repeatedly held that there is no private right of

action to enforce violations of the IRC."); Seabury v. City of N.Y., No. 06 Civ. 1477, 2006 WL

1367396, at *5 (E.D.N.Y. May 18, 2006) ("Federal courts have consistently refused to imply a

private cause of action under the tax laws, including actions of employees against employers

who have violated the requirements of the Tax Code."); Spilky v.Helphand, No. 91 Civ. 3045,

1993 WL 159944, at *4 (S.D.N.Y. May 11, 1993) ("[T]here is no evidence that Congress

intended to provide a private cause of action under the Internal Revenue Code for an

employee who alleges that his employer failed to make the required withholdings and

contributions.").

### 3.  **Statute of Limitations**

The non-governmental defendants argue that the applicable statute of limitations

significantly narrows Palmatier's remaining ERISA claim.

The applicable statute of limitations for an ERISA claim brought pursuant to section

502(a)(1)(B) is six years from the date pensioner receives notice of the repudiation of or

miscalculation in his benefits.  See Schultz v. Texaco, Inc., 127 F. Supp. 2d 443, 448

(S.D.N.Y. 2001) ("[A]lthough ERISA does not prescribe a statute of limitations for violations

of Section 502(a)(1)(B), our Circuit holds that the appropriate statute of limitations under

analogous New York law is the six year statute of limitations that applies to claims for breach

of contract.").  "[N]otice of a miscalculation can be imputed to a pensioner—and the statute

of limitations will start to run—when there is enough information available to the pensioner to

assure that he knows or reasonably should know of the miscalculation."  Novella v.

Westchester Cnty., 661 F.3d 128, 147 (2d Cir. 2011).

Palmatier originally filed this action on February 4, 2013. Therefore, his ERISA claim may not be based on conduct occurring prior to February 4, 2007. Liberally construing plaintiff's amended complaint, he received notice of the allegedly improper reduction in his monthly pension payout—reportedly from $2884.59 to $1757.08—by letter on June 20, 2007. Am. Compl. ¶ 20. Thus, he received notice of the alleged miscalculation within the applicable statute of limitations period, rendering his ERISA claim timely.

### 4. ERISA Claim

Finally, the non-governmental defendants maintain that Palmatier has failed to state a plausible claim pursuant to section 502(a)(1)(B) of ERISA.

To prevail on a claim under § 502(a)(1)(B), a plaintiff must show that: (1) the plan is covered by ERISA; (2) plaintiff is a participant or beneficiary of the plan; and (3) plaintiff was wrongfully denied a benefit owed under the plan. Giordano v. Thomson, 564 F.3d 163, 168 (2d Cir. 2009). Such a claim "can be brought only against a covered plan, its administrators or its trustees." Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 108 n.2 (2d Cir. 2008).

Defendants concede that plaintiff's amended complaint establishes the first two elements. They instead argue that plaintiff has failed to plausibly allege any facts to show he has been wrongfully denied pension benefits owed under the plan. They specifically note that he has not identified any plan provision to support his claim for an increased pension amount.

In response to this argument, plaintiff repeatedly claims unfair contract negotiations in 1986 and an improper loss of seniority in 1996 caused the miscalculation in his pension

payout in 2007.  He does not identify any provision(s) in the applicable pension plan which

defendants have allegedly violated.  Nor does he identify anything arbitrary or capricious in

the April 2009 denial of his administrative claim by BMPC.  Instead, the alleged breech of

which he complains relates to the 2007 Benefit Commencement Package, which estimated

that he would be paid $2884.59 per month in pension upon his retirement.  However, as this

summary is not part of the applicable pension plan, it cannot form the basis of plaintiff's

ERISA claim.  See CIGNA Corp. v. Amara, __ U.S. __, 131 S. Ct. 1866, 1877–78 (2011)

(holding that documents summarizing a plan's terms, "important as they are, provide

communication with beneficiaries about the plan, but that their statements do not themselves

constitute the terms of the plan for purposes of § 502(a)(1)(B)").[9]

In short, the allegations forming the basis of plaintiff's ERISA claim involve decades-

old employment decisions and contract negotiations, and an alleged misrepresentation made

in a pre-retirement informational packet.  Plaintiff alleges neither a breech of any specific

provision of the Pension Plan for KAPL Employees in Participating Bargaining Units nor an

arbitrary or capricious decision regarding his administrative claim for additional pension.

Therefore, he has failed to state a plausible ERISA § 502(a)(1)(B) claim.

### C.  DOE's Motion to Dismiss

The DOE argues it is entitled to sovereign immunity from suit.  In the alternative, it

asserts that plaintiff has failed to state any cognizable claims against it.  Palmatier's

opposition to the DOE's motion is simply a request to amend the eleventh cause of

---

[9]  Essentially, Palmatier is attempting to assert a claim for detrimental reliance/promissory estoppel with regard to the $2884.59 monthly pension he was allegedly promised in February 2007.  However, as explained above, such a claim is barred by the Meacham settlement agreement and general release, which plaintiff voluntarily signed on November 23, 2010—over three years after his monthly pension was allegedly improperly reduced.

action—the only one asserted against the DOE—to add a claim pursuant to the *qui tam* provisions of the False Claims Act. He does not specifically refute any of the DOE's legal arguments.

As noted above, plaintiff has failed to plead a plausible ERISA claim. He also fails to allege any culpable conduct on the DOE's part. Indeed, in the eleventh cause of action, which is entitled "COUNT XI? (Unknown without evidence)," he notes: "I can not speculate as to any wrongdoing by the Department of Energy (DOE)." Am. Compl. ¶ 54. There is nothing in the amended complaint indicating plaintiff was ever an employee of the DOE or that the DOE ever managed his pension fund. Moreover, the DOE is entitled to sovereign immunity, which it has not waived under ERISA. See Shanbaum v. United States, 32 F.3d 180, 182 (5th Cir. 1994) (per curiam) ("Although [29 U.S.C. § 1132] gives plan participants the right to bring civil actions to redress violations of ERISA, this section does not provide a waiver of sovereign immunity which would permit the suit to be brought against the United States.").

Accordingly, any claims against the DOE will be dismissed.

## IV. CONCLUSION

All but one claim in the amended complaint is barred by the Meacham settlement agreement and general release, which Palmatier knowingly and voluntarily signed on November 23, 2010. The only remaining claim is one for failure to provide full benefits due under the pension plan, brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which plaintiff has timely asserted. However, plaintiff fails to plausibly allege that defendants have wrongfully denied him pension benefits owed under the plan.

Therefore, it is

ORDERED that

1.  The non-governmental defendants' motion to dismiss (ECF No. 36) is GRANTED;

2.  The Department of Energy's motion to dismiss (ECF No. 58) is GRANTED; and

3.  The amended complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly and close the file.

_____
United States District Judge

Dated:  April 15, 2014
        Utica, New York.